**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1105015873 |
| | ) | |
| | ) | |
| DANTE DILLARD, | ) | |
| Defendant. | ) | |

Submitted: February 7, 2025
Decided: April 14, 2025

**COMMISSIONER'S REPORT AND RECOMMENDATION
THAT DEFENDANT'S MOTION FOR POSTCONVICTION
RELIEF BE SUMMARILY DISMISSED**

This 14th day of April, 2025, upon consideration of Defendant Dante Dillard's ("Defendant") January 27, 2025 Memorandum of Law in Support of Motion for Postconviction Relief, his request for appointment of postconviction counsel,[1] and the record in this matter, the following is my Report and Recommendation.

**I. PROCEDURAL HISTORY**

On May 20, 2011, Defendant was arrested for two counts of Murder First Degree, one count of Robbery First Degree, three counts of Possession of a Deadly Weapon During the Commission of a Felony, two counts of Possession of a Deadly

---

[1] See Docket Item ("D.I.") 90. Defendant failed to file a Motion for Postconviction Relief with the Memorandum of Law in Support of Motion for Postconviction Relief, but this Court will consider Defendant's Memorandum of Law as a Motion for Postconviction Relief.

1

Weapon by a Person Prohibited, one count of Conspiracy Second Degree and one count of Carrying a Concealed Deadly Weapon.[2]

On June 28, 2012, Defendant pled guilty to all indicted offenses,[3] and this Court ordered presentence investigation. On September 7, 2012, this Court sentenced Defendant to two life sentences and eighty-five years at Level V.[4] Defendant did not appeal his convictions and sentence.

On January 7, 2022, Defendant filed his first Motion for Postconviction Relief.[5] On February 23, 2022, this Court denied Defendant's motion.[6] On March 17, 2022, Defendant appealed the denial of his postconviction motion to the Delaware Supreme Court,[7] but he failed to file an opening brief, and the Delaware Supreme Court dismissed the appeal.[8]

On March 24, 2023, Defendant filed his second Motion for Postconviction Relief.[9] This Court summarily dismissed Defendant's second postconviction motion as: (1) untimely filed under Superior Court Criminal Rule ("Rule") 61(i)(1), and (2)

---

[2] D.I. 3, Indictment.
[3] D.I. 47.
[4] D.I. 60.
[5] D.I. 71.
[6] D.I. 75.
[7] D.I. 78.
[8] *Dillard v. State*, 2022 WL 2311517, at *1 (Del. June 27, 2022).
[9] D.I. 81.

a successive postconviction motion which did not comply with Rule 61(i)(2) and Rule 61(d)(2).[10]

## II.  DISCUSSION

## 1.  MOTION FOR APPOINTMENT OF POSTCONVICTION COUNSEL

Defendant's Memorandum of Law in Support of the Motion for Postconviction Relief also requests the appointment of postconviction counsel.[11] Rule 61 provides this Court the discretionary authority to appoint postconviction counsel when a Defendant enters a guilty plea.[12] In that regard, Rule 61(e)(5) expressly provides:

> (5) *Second or subsequent motions.* For an indigent movant's second or subsequent postconviction motion, the judge may appoint counsel for an indigent movant only if the judge determines that the second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.[13]

Rule 61(d)(2), as referenced in Rule 61(e)(5), provides as follows:

> (2) *Second or subsequent postconviction motions.* A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

---

[10] *State v. Dillard*, 2023 WL 4363898, at *1 (Del. Super. June 30, 2023).  As discussed *infra*, Defendant's present postconviction motion suffers from the identical procedural defects as his second postconviction motion.

[11] This Court denied Defendant's request for the appointment of postconviction counsel in his first Motion for Postconviction Relief.   D.I. 75.

[12] Super. Ct. Crim. R. 61(e)(3).

[13] *Id.*

(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

As Defendant was not convicted "*after a trial*," he cannot meet the pleading standard of Rule 61(d)(2). Therefore, I recommend Defendant's Motion for Appointment of Postconviction Counsel be denied.

## 2. MOTION FOR POSTCONVICTION RELIEF

When a defendant seeks to collaterally attack a guilty plea based on ineffective assistance of counsel, he bears the burden of proving counsel provided ineffective representation.[14] To that end, where a defendant enters a guilty plea, they must show that "counsel's representation fell below an objective standard of reasonableness, and counsel's actions were so prejudicial that there is a *reasonable probability* that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."[15]

Before considering the merits of any postconviction motion, this Court must first determine whether any of Rule 61's procedural bars are applicable.[16] As recently discussed in *State v. Johnson*,

This Court's Criminal Rule 61 provides one with an efficacious, but honed, instrument for use in seeking postconviction relief. It "balances

---

[14] *MacDonald v. State*, 778 A.2d 1064, 1075 (Del. 2001).

[15] *Id., also see Somerville v. State*, 703 A.2d 629, 631 (Del. 1997), *citing Albury v. State*, 551 A.2d 53, 58 - 60 (*quoting Strickland v. Washington*, 466 U.S. 668, 689 - 694 (1984), *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

[16] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

4

the law's interest in conviction finality against the important role of the court in preventing injustice."  Consequently, when considering applications for postconviction relief, this Court addresses any procedural bars before turning to the merits.  Turning to the merits of any case that does not meet the pleading requirements effectively renders our procedural rules meaningless.[17]

Under Rule 61, a postconviction motion can be procedurally barred for being untimely filed, successive, procedurally defaulted, and/or subject to former adjudication.[18]

Upon initial review, Defendant's Motion for Postconviction Relief ("Motion") is procedurally barred for (at least) two reasons.  First, Defendant's Motion is untimely filed, as it was filed well more than one year after this Court sentenced him.[19]  Second, this is Defendant's third postconviction motion.[20]  A defendant may file a second or subsequent postconviction motion under limited circumstances – specifically he must satisfy the pleading requirements of Rule 61(d)(2) before this Court will reach the merits of his claim(s).[21]

Defendant incorrectly asserts the procedural bars of Rule 61 are inapplicable to his claim.  He argues "an exception to these bars is contained [in] Rule 61(i)(3)(A) and (B):  the court may consider such a motion for postconviction relief 'if it finds

---

[17] *State v. Johnson*, 2025 WL 883031, at *2 (Del. Super. Mar. 20, 2025) (internal citations omitted).
[18] Super. Ct. Crim. R. 61(i)(1)-(4).
[19] Super. Ct. Crim. R. 61(i)(1).  This Court sentenced Defendant on October 12, 2012. *See* D.I. 47.
[20] Defendant concedes that this is not his first attempt to "obtain relief from his criminal conviction.  In fact, he expressly admits "the instant motion must be interpreted as Dillard's third motion for postconviction relief."  D.I. 90, p. 3.
[21] *See* Super. Ct. Crim. R. 61(i)(2)(i).

cause for relief . . . and prejudice from a violation of defendant's rights."[22]

Defendant's argument fails because the cause and prejudice requirements of Rule 61(i)(3) apply *only to* the procedural bar identified in Rule 61(i)(3) – that "any ground for relief not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred. . .."[23] This procedural bar prohibits a defendant from raising a claim in postconviction which he or she failed to raise "in the proceedings leading to the judgment of conviction," *i.e.*, before or during trial, or on direct appeal. It has no impact on the bar imposing a strict time limitation of one year to file a postconviction claim,[24] or the bar prohibiting successive postconviction motions.[25]

It is important to recognize that Rule 61 does provide a mechanism for a defendant to potentially overcome the procedural bars noted above and present an untimely or successive postconviction motion, but to do so, a defendant must satisfy Rule 61(i)(5). Rule 61(i)(5) provides:

> [T]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this Rule.[26]

---

[22] *Id.* at p.4.
[23] Super. Ct. Crim. R. 61(i)(3).
[24] Super. Ct. Crim. R. 61(i)(1).
[25] Super. Ct. Crim. R. 61(i)(2).
[26] Super. Ct. Crim. R. 61(i)(5).

In this regard, Defendant's motion fails – he neither alleges this Court lacks jurisdiction nor does he claim that new evidence exists that creates a strong inference that he is "actually innocent in fact of the acts underlying the charges of which he was convicted," or that a "new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders his conviction or death sentence invalid."[27] Defendant's claim is not premised on a claim of "actual innocence" and he does not contest his guilt – instead he argues counsel was ineffective for failing to "enter a guilty but mentally ill plea" on his behalf.[28]

Additionally, Defendant cannot demonstrate prejudice, because a defendant who has entered a plea to guilty but mentally ill "may have any sentence imposed which may be lawfully imposed upon any defendant for the same offense."[29] Therefore, Defendant's mandatory life without parole sentences for two counts of Murder First Degree, and any mandatory sentences for the remaining offenses to which he pled guilty, must be imposed even if he entered a guilty but mentally ill plea.[30]

---

[27] *See* Super. Ct. Crim. R. 61(i)(5) and Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[28] D.I. 90, p. 10.
[29] *See* 11 *Del. C.* § 408(b).
[30] *See generally Sanders v. State*, 585 A.2d 117, 124-25 (Del. 1990).

## III. CONCLUSION

It is apparent from a review of Defendant's motion that he cannot overcome the timeliness and successive filing procedural bars, and he is not entitled to relief. Therefore, I recommend Defendant's Motion for the Appointment of Postconviction Counsel be **DENIED**, and Defendant's Motion for Postconviction Relief be **SUMMARILY DISMISSED**.

**IT IS SO RECOMMENDED.**

*/s/ Martin B. O'Connor*
The Honorable Martin B. O'Connor

Cc:    Prothonotary
       John Downs, Deputy Attorney General
       Barzi Axelrod, Deputy Attorney General
       John S. Edinger, Assistant Public Defender
       Dante Dillard (SBI # 00185791)